UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LELAND W. LACHANCE, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:11CV2450 HEA(LMB) |
| MICHAEL BOWERSOX, | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on the petition of Leland W. LaChance for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

**Procedural History**

Petitioner is presently incarcerated at South Central Correctional Center in Licking, Missouri, pursuant to the judgment and sentence of the Circuit Court of St. Louis County. Respt's Ex. A at 51-56. Petitioner pled guilty on December 11, 2007, to one count of forcible rape, one count of forcible sodomy, one count of kidnaping, one count of second-degree assault, and four counts of armed criminal action. Id. at 13. A sentencing hearing was held on January 18, 2008, during which petitioner asked to withdraw his plea. Id. at 36. The court denied petitioner's request and sentenced petitioner to an aggregate of two consecutive life sentences and a consecutive fifteen-year sentence. Id. at 42, 50-56.

On February 29, 2008, petitioner filed a pro se motion to vacate, set aside or correct the

judgment or sentence pursuant to Missouri Supreme Court Rule 24.035. Id. at 60-65. On September 30, 2008, after appointment of counsel, petitioner filed an amended motion. Id. at 72-92. Petitioner raised the following two ineffective assistance of counsel claims in his amended post-conviction relief motion: (1) plea counsel was ineffective for inducing petitioner's unknowing, unintelligent and involuntary plea with the assurance that if petitioner entered a blind plea, the plea court would impose a more lenient sentence than the State recommended; and (2) plea counsel was ineffective for advising petitioner to waive his statute of limitations defense to Counts 2, 4, 5, 6, 7, and 8 by pleading guilty. Id. On June 26, 2009, the motion court denied petitioner's motion. Id. at 112-117.

On August 5, 2009, petitioner filed a notice of appeal from the denial of post-conviction relief. Id. at 111. In his single point on appeal, petitioner argued that his plea counsel's ineffectiveness resulted in his unknowing, unintelligent, and involuntary waiver of his statute of limitations defense to Counts 2, 4, 5, 6, 7, and 8, and his waiver of his right to a jury trial. Respt's Ex. B at 20-21. On September 1, 2010, the Missouri Court of Appeals for the Eastern District affirmed the denial of post-conviction relief. See Respt's Ex. D.

On December 30, 2010, petitioner filed a petition for writ of habeas corpus, raising three grounds for relief. (Doc. No. 1). In his first ground for relief, petitioner argues that he received ineffective assistance of counsel because he did not understand the consequences of pleading guilty and giving up his statute of limitations defense, which counsel "never explained." (Id. at p. 5). In his second ground for relief, petitioner contends that his due process rights were violated because counts 2, 4, 5, 6, 7, and 8 were barred by the statute of limitations. (Id. at p. 6). In his third ground for relief, petitioner states: "self incriminated myself by taking advice from counsel

to take a blind plea and not being explained the consequences of this plea, i.e. the rights I would be giving up." (Id. at p. 8). On September 23, 2011, respondent filed a Response to Order to Show Cause, in which he argues that petitioner's grounds for relief fail on their merits. (Doc. No. 9).

**Facts[1]**

On August 20, 2002, the victim, C.S., was running in preparation for a half-marathon when petitioner approached her from behind, pushed her over, put his arm around her, and threatened to cut her throat if she looked at him or screamed. Petitioner took off C.S.'s glasses and threw them. Petitioner led C.S. off the path. Petitioner forced C.S. to remove her clothes and to get down on her hands and knees. Petitioner forced his penis into C.S.'s rectum and vagina. During the attack, petitioner stabbed C.S. in the back of her arm and cut C.S.'s neck with the knife. A DNA profile was obtained from semen found on C.S.'s clothing and was entered into the CODIS database system. Petitioner's DNA profile was subsequently matched to that recovered from C.S.'s clothing.

**Discussion**

**I.     Standard of Review**

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits

---

[1]The court's summary of the facts is taken from the prosecutor's recitation of the facts at the plea hearing. Respt's Ex. A at 23-29. Petitioner testified that the facts as stated by the prosecutor were substantially correct. Id. at 29.

> in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed § 2254(d) in Williams v. Taylor, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if "the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." 120 U.S. at 413. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." Id. at 408. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410.

## II. Procedural Default

To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair

opportunity to apply controlling legal principles to the facts bearing on the claim. Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotation marks omitted). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. Id. at 1021. Claims that have not been fairly presented to the state courts are procedurally defaulted. Id. at 1022 (quoting Gray v. Netherland, 518 U.S. 152, 161-62 (1996)). Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default. Id. "[T]he existence of cause for a procedural default must ordinarily turn on wether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).

### III. Petitioner's Claims

As previously stated, petitioner raises three grounds for relief. The undersigned will discuss petitioner's grounds for relief in turn.

**1. Ground One**

In his first ground for relief, petitioner argues that he received ineffective assistance of counsel because he did not understand the consequences of pleading guilty and giving up his statute of limitations defense, which counsel never explained. Respondent contends that this claim fails on its merits.

Petitioner raised this claim in his post-conviction relief motion and on appeal from the denial of post-conviction relief. The Missouri Court of Appeals held as follows:

> Although Counsel testified at the evidentiary hearing that he could not remember whether he and [petitioner] specifically discussed that a change of plea would waive any statute of limitations defense, it is clear that [petitioner] was aware that Counsel had

> previously raised this defense and that he was waiving this defense by pleading guilty.
> Counsel testified at the evidentiary hearing that he advised [petitioner] about the statute of limitations defense prior to trial and that [petitioner] would be waiving "a lot of things" by pleading guilty. [Petitioner]'s claim is further refuted by [petitioner]'s own statements at the plea hearing. In response to the court's questioning at the hearing, [petitioner] affirmatively stated that he understood that he was waiving his defense that several of the counts were barred by the statute of limitations by pleading guilty. [Petitioner] indicated that he understood that Counsel had objected to the counts based on that defense, and that he had discussed this issue with Counsel, and yet he still wanted to plead guilty.
> In addition, it is clear that Counsel did not advise [petitioner] to plead guilty, but instead [petitioner] independently decided to change his plea. Counsel testified that he did not advise [petitioner] to plead guilty and that it was [petitioner] who stopped the proceeding because he wished to change his plea. [Petitioner] acknowledged as much at the evidentiary hearing.
> The motion court's judgment denying [petitioner]'s post-conviction motion is supported by the record and is not clearly erroneous. [Petitioner]'s point on appeal is denied.

Respt's Ex. D at 8.

"A defendant's knowing and intelligent guilty plea forecloses 'independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" United States v. Vaughan, 13 F.3d 1186, 1187 (8th Cir. 1994) (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973)). "When a defendant is represented by counsel during the plea process and enters a plea upon counsel's advice, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" Blalock v. Lockhart, 977 F.2d 1255, 1257 (8th Cir. 1992) (quoting Hill v. Lockhart, 474 U.S. 52, 56 (1985)). "[A]n expectation that movant would receive a lighter sentence does not make a plea involuntary." Gillespie v. State, 785 S.W.2d 725, 727 (Mo. Ct. App. 1990). "While a guilty plea taken in open court is not invulnerable to collateral attack in a post-conviction proceeding, the [petitioner's] representations during the plea-taking carry a strong presumption of verity and pose

a formidable barrier in any subsequent collateral proceedings." Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (quoting Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985)).  A state court's factual findings regarding the plea are presumed to be correct so long as they are fairly supported by the record.  Bivens v. Groose, 28 F.3d 62, 63 (8th Cir. 1994).

Ineffective assistance of counsel claims are evaluated under the standard of Strickland v. Washington, 466 U.S. 668, 687 (1984).  To prevail on an ineffective assistance of counsel claim, petitioner must show that (1) his attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances, and (2), the petitioner must show that the deficient performance prejudiced the defense.  Id.  "Deficiency means that counsel's performance fell below an objective standard of reasonableness, and prejudice means that, but for counsel's errors, a reasonable probability exists that the result of the sentencing would have been different." Deltoro-Aguilera v. United States, 625 F.3d 434, 437 (8th Cir. 2010) (citing Strickland, 466 U.S. at 694).  The petitioner must not only assert prejudice, but must affirmatively prove that prejudice was present.  Strickland, 466 U.S. at 693.  "[T]he proper standard for attorney performance is that of reasonably effective assistance." Id. at 687.  A petitioner must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.  "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance..." Id. at 689.  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686.

At the guilty plea hearing, the court carefully and thoroughly questioned petitioner. The

court questioned petitioner regarding his understanding of his rights to a jury trial. Respt's Ex. A at 16-21. Petitioner was also asked whether he had discussed his case with his attorney, and whether any promises had been made to him to induce his guilty plea. Id. at 19-20. Petitioner indicated that he understood his rights, and requested that the court accept his plea of guilty because he was, in fact, guilty as charged. Id. at 20, 29. The following exchange then occurred:

> THE COURT: You understand that the state is relying on concealment as to a reason why they can bring the charges of count 5, kidnaping; count 6, armed criminal action; count 7, assault in the second degree; count 8, armed criminal action; and that if you plead guilty, you're waiving your defense that is barred by the statute of limitations, do you understand that?
>
> [PETITIONER]: Yes.
>
> THE COURT: Did you talk with your attorney about that?
>
> [PETITIONER]: Yes.
>
> THE COURT: Okay. You understand that he objected to those counts–
>
> [PETITIONER]: Yes.
>
> THE COURT: --under the statute of limitations? That's what you wish to do here today?
>
> [PETITIONER]: Yes.

Id. at 29-30.

Petitioner's claim that he did not understand that a consequence of pleading guilty was waiver of his statute of limitations defense is refuted by the record. Even if petitioner's counsel never informed petitioner about the waiver of this defense, the court clarified the issue at the plea hearing. Petitioner testified in open court that he was aware counsel had raised the defense of statute of limitations and understood that he was waiving this defense in order to plead guilty. Thus, the decision of the Missouri Court of Appeals was not contrary to or an unreasonable

application of clearly established federal law.

Accordingly, the undersigned recommends that petitioner's first ground for relief be denied.

**2.    Ground Two**

In his second ground for relief, petitioner argues that his due process rights were violated because counts 2, 4, 5, 6, 7, and 8 were barred by the statute of limitations. Respondent contends that this claim is procedurally defaulted and meritless.

Petitioner did not raise this claim in his post-conviction relief motion or in his appeal from the denial of post-conviction relief. In his petition, plaintiff states that he did not raise this claim in State court because the "only thing on [his] mind was ineffective assistance of counsel." (Doc. No. 1, p. 8). Petitioner has failed to demonstrate cause for his failure to raise this claim in the State court proceedings. Consequently, ground two is procedurally defaulted.

Further, petitioner's second ground for relief lacks merit. Petitioner's decision to plead guilty waived the defense that the charges were barred by the statute of limitations. As discussed with regard to petitioner's first ground for relief, petitioner testified in open court that he was aware that he was waiving the statute of limitations defense in pleading guilty.

Accordingly, the undersigned recommends that petitioner's second ground for relief be denied.

**3.    Ground Three**

In his third ground for relief, petitioner states: "self incriminated myself by taking advice from counsel to take a blind plea and not being explained the consequences of this plea, i.e. the rights I would be giving up." (Id. at p. 8).

To the extent petitioner is raising an ineffective assistance of counsel claim based on the waiver of his statute of limitations defense, the undersigned has found that this claim lacks merit.

If petitioner is attempting to claim his right against self-incrimination was violated, this claim is procedurally defaulted, as petitioner failed to raise this claim in his State court proceedings and provides no cause for his failure to raise this claim.

Petitioner's claim is also meritless. The following exchange occurred at the plea hearing:

> THE COURT: You also have a right against self-incrimination, that no one can force you to give testimony and no one can make any inference or comment on your lack of testimony. Do you understand that?
>
> [PETITIONER]: Yes.
>
> \*\*\*
>
> THE COURT: Now, by understanding all of these rights, by entering a plea of guilty, do you further understand that you're waiving all of these rights?
>
> [PETITIONER]: Yes.
>
> THE COURT: And that's what you wish to do here today?
>
> [PETITIONER]: Yes.

Respt's Ex. A at 21, 22. The record reveals that petitioner was advised of his right against self-incrimination and chose to waive this right and plead guilty.

Accordingly, the undersigned recommends that petitioner's third ground for relief be denied.

## IV. Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)); Tokar v. Bowersox, 1 F. Supp.2d 986, 1016 (E.D. Mo. 1998). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the petition of Leland W. LaChance for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied**.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued.

The parties are advised they have fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Dated this 2nd day of December, 2013.

                                      /s/ Lewis M. Blanton
                                      LEWIS M. BLANTON
                                      UNITED STATES MAGISTRATE JUDGE