UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LELAND WAYNE LaCHANCE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:10CV2450 HEA |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| Respondent. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation, of Magistrate Judge Lewis M. Blanton that Leland W. LaChance's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 1], be denied. Petitioner has filed written objections to the Report and Recommendation. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct a *de novo* review of those portions of the Report and Recommendation to which petitioner objects.

### **Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §

2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13.  Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."  *Williams*, 529 U.S. at 409.

## **Discussion**

Petitioner objects to the Report and Recommendation based on the same grounds that he presented in his Petition.

The Procedural History and Factual Background are set forth in the Report and Recommendation.  Petitioner's argument that counsel was ineffective because counsel told Petitioner to say "yea" to everything asked of him is without merit.  Petitioner cannot satisfy the *Strickland* two pronged standard of counsel's representation falling below an objective standard of reasonableness and prejudice.  Judge Blanton carefully details the basis for his recommendation that the Petition be denied.  As Judge Blanton reports, the state court determined that Petitioner himself entered into the plea of his own free will:

> Counsel testified at the evidentiary hearing that he advised [petitioner] about the statute of limitations defense prior to trial and that [petitioner] would be waiving "a lot of things" by pleading guilty. [Petitioner]'s claim is further refuted by [petitioner]'s own statements at the plea hearing. In response to the court's questioning at the hearing, [petitioner] affirmatively stated that he understood that he was waiving his defense that several of the counts were barred by the

> statute of limitations by pleading guilty. [Petitioner] indicated that he understood that Counsel had objected to the counts based on that defense, and that he had discussed this issue with Counsel, and yet he still wanted to plead guilty.
>
> In addition, it is clear that Counsel did not advise [petitioner] to plead guilty, but instead [petitioner] independently decided to change his plea. Counsel testified that he did not advise [petitioner] to plead guilty and that it was [petitioner] who stopped the proceeding because he wished to change his plea. [Petitioner] acknowledged as much at the evidentiary hearing.

Without question, Petitioner's objections because counsel told him to answer yes to the State Court's inquiries regarding the waiver of his statute of limitations defense are without merit.

Petitioner also objects to Judge Blanton's conclusion that Grounds Two and Three lacks merit. Petitioner claims that he should not be procedurally barred from raising this ground. Petitioner argues that he did not raise the issue of the statute of limitations bar in his post conviction remedies because of counsel's ineffective assistance. Petitioner relies on *Martinez v. Ryan*, __ U.S. __, 132 S.Ct 2309 (2012).

In *Martinez*, the Supreme Court decided that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review

collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S.Ct. at 1320.

Petitioner cannot satisfy the requirements of *Martinez* with regard to his claim of ineffective counsel. Petitioner himself stopped the proceedings in order to enter a guilty plea. Petitioner testified in open court that he was aware that he was waiving the statute of limitations defense in his guilty plea. Counsel cannot be held to be ineffective for the voluntary actions of Petitioner.

While the Court is required to review the record *de novo*, this role and function is limited in scope. This Court is not at liberty to substitute its rulings for those of the state court. The standard by which the Court reviews the record on a habeas petition, as set forth above, is that relief may only be granted if the decision by the state court (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

In reviewing whether the State Court's decision involved an unreasonable application of clearly established federal law, the Court examines the ultimate legal conclusion reached by the Court, *id.* at 784, not simply the statement of

reasons explaining the State Court's decision. *See Gill v. Mecusker,* 633 F.3d 1272, 1291–92 (11th Cir.2011) *Wright v. Sec'y for Dep't of Corr.,* 278 F.3d 1245, 1255 (11th Cir.2002); *Neal v. Puckett,* 239 F.3d 683, 696 (5th Cir.2001); *Hennon v. Cooper,* 109 F.3d 330, 335 (7th Cir.1997). At least where there is no "conspicuous misapplication of Supreme Court precedent" that makes the state court's decision "contrary to" clearly established law, *Wright,* 278 F.3d at 1256 n. 3, the proper question is whether there is "any reasonable argument" that the State Court's judgment is consistent with *Strickland. Richter,* 131 S.Ct. at 788; *see Premo v. Moore,* ––– U.S. ––––, 131 S.Ct. 733, 740, 178 L.Ed.2d 649 (2011). If the State Court "reasonably could have concluded that [the petitioner] was not prejudiced by counsel's actions," then federal review under AEDPA is at an end. *Moore,* 131 S.Ct. at 744. *Williams v. Roper,* 695 F.3d 825, 831 -832 (8th Cir. 2012).

Judge Blanton's discussion of the applicable state law is very thorough and is correct in all aspects. The Court agrees that the state court findings are not contrary to, nor were they an unreasonable application of federal law.

## **Conclusion**

This Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Petitioner objects. The Court has reviewed the trial record, the Missouri court rulings, opinions and decisions. It has further

reasons explaining the State Court's decision. *See Gill v. Mecusker,* 633 F.3d 1272, 1291–92 (11th Cir.2011) *Wright v. Sec'y for Dep't of Corr.,* 278 F.3d 1245, 1255 (11th Cir.2002); *Neal v. Puckett,* 239 F.3d 683, 696 (5th Cir.2001); *Hennon v. Cooper,* 109 F.3d 330, 335 (7th Cir.1997). At least where there is no "conspicuous misapplication of Supreme Court precedent" that makes the state court's decision "contrary to" clearly established law, *Wright,* 278 F.3d at 1256 n. 3, the proper question is whether there is "any reasonable argument" that the State Court's judgment is consistent with *Strickland. Richter,* 131 S.Ct. at 788; *see Premo v. Moore,* ––– U.S. ––––, 131 S.Ct. 733, 740, 178 L.Ed.2d 649 (2011). If the State Court "reasonably could have concluded that [the petitioner] was not prejudiced by counsel's actions," then federal review under AEDPA is at an end. *Moore,* 131 S.Ct. at 744. *Williams v. Roper,* 695 F.3d 825, 831 -832 (8th Cir. 2012).

Judge Blanton's discussion of the applicable state law is very thorough and is correct in all aspects. The Court agrees that the state court findings are not contrary to, nor were they an unreasonable application of federal law.

## **Conclusion**

This Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Petitioner objects. The Court has reviewed the trial record, the Missouri court rulings, opinions and decisions. It has further

reviewed all pleadings, motions and memoranda before it. The Court finds that the Report and Recommendation sets forth a very thorough and correct analysis of the issues raised in the Petition. Petitioner's objections to the Report and Recommendation are without merit and are denied in their entirety. The Court, concluding its review under AEDPA, will adopt the Recommendation of Judge Baker that the Petition be denied.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. A Certificate of Appealability will therefore not be issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Leland W. LaChance for Writ of Habeas Corpus, [Doc. No. 1], pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 17th day of January, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE